UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| Robert Kaplan & | ) |
| Lisa N. Kaplan | ) Case No. 16-18849-HRT |
| | ) Chapter 13 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| Robert Kaplan , & | ) Adv. Proc. No. _____ |
| Lisa Kaplan | ) |
| Plaintiff, | ) |
| v. | ) |
| Rex Tillerson, United States Secretary of State | ) |
| Orange County Child Support Services | ) |
| Arapahoe County Family Support Services Division | ) |
| United States Department of Health and Human | ) |
| Services | ) |
| | ) |
| Defendants. | ) |

ADVERSARIAL COMPLAINT FOR VIOLATION OF 11 U.S.C. §362(A) AUTOMATIC STAY AND VIOLATION OF 11 U.S.C. 11 USC § 525(A) PROTECTION AGAINST DISCRIMINATORY TREATMENT

Robert Kaplan and Lisa Kaplan ("Debtors"), though Berumen Law Firm, undersigned counsel, respectfully submits his Complaint against Rex Tillerson, United States Secretary of State, Orange County Family Support Registry, Arapahoe County Family Support Registry, California Secretary of State, United States Department of Health and Human Services, Colorado Secretary of State, and states as follows:

Background

1. The Debtors filed for chapter 13 relief on September 6, 2016. The Debtors attended their 11 U.S.C. § 341(a) Meeting of Creditors on October 18, 2016.

2. The Notice of the Filing was sent to the Colorado Family Support Registry by the District of Colorado Bankruptcy Court on September 9, 2016.

3. On March 30, 2017 the Colorado Family Support Registry filed a proof of claim in the Debtors bankruptcy. The deadline for the government proof of claim was on March 6, 2017. The Colorado Family Support Registry filed a motion to allow the late filed Proof of Claim, and the court issued an order approving the motion on April 9, 2017.

4. The proof of claim states that the domestic support arrears are $9,201.28. The domestic support stems from the State of California where Mr. Kaplan is ordered to pay child support.

5. The State of California is aware of the bankruptcy. Proof of this is the information provided to the Arapahoe County's Assistant County Attorney in order to prepare the proof of claim.

6. The Debtor's plan currently calls for the payment of $9201.28 for child support arrears. Prior to the filing of the plan Arapahoe County Child Support Registry was garnishing his wages in order to pay the debt.

7. On or about March 15, 2017 the Debtor attempted to get a passport. Mr. Kaplan was denied the ability to get a passport by the Defendants.

8. Mr. Kaplan is an over the road driver and his company has decided to expand into both Mexico and Canada in order to increase revenue.

9. Mr. Kaplan is one of the most senior drivers and his employer is requesting him to be able to complete these routes.

10. Mr. Kaplan was not able obtain his passport due to Defendants placing a hold on his passport as a result of the child support arears.

11. On March 30, 2017 undersigned counsel called each of the Defendants agencies in an effort to avoid this litigation.

12. In each conversation the Government Agency would shift the blame to another Agency. The Arapahoe County Family Registry stated they could not allow the passport without permission from the Orange County Family Registry. Orange County stated they did not control the passport, they reported the arrears on child support to the Department of State. The Department of State stated they would not release a passport so long as the state of California was claiming the arrearage of the debtor on the child support. The Department of Health and Human Services sent undersigned counsel to PIQ-07-04 where it states a policy denying the passport.

13. It is believed that any of the Defendants could provide the documentation to allow the Debtor his passport.

14. Based on the plan pending confirmation the payment schedule will not pay the domestic support of until 46 months into the plan. These actions could have irreparable damage to debtor's ability earn money as an over the road truck driver.

## Violation of 11 U.S.C. §362(a) Automatic Stay

15. Each of the Government entities is using the passport as a means to be paid child support outside the confines of the chapter 13 plan.

16. 11 U.S.C. §362(a) restrains a broad range of conduct, including the continuation of litigation, the enforcement of prepetition judgments, the creation or enforcement of liens against property of the estate and, generally, any act to collect, assess, or recover a claim against the debtor that arose prepetition. *In re Mu'min*, 374 B.R. 149, 155, 2007 Bankr. LEXIS 3214, *10, Bankr. L. Rep. (CCH) P81,036, 58 Collier Bankr. Cas. 2d (MB) 792 (Bankr. E.D. Pa. 2007)

17. The Debtor acknowledges that there are exemptions to the automatic stay for Domestic Support.  11 U.S.C (b)2(B) allows for the collection of a domestic support obligation from property that is not property of the estate;

18. As well as 11 U.S.C. (b)(2)(C)  allows for the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute;

19. The Debtor believes neither is applicable to this situation.  The Debtor agrees that the passport is not property of the estate, however actions of the Defendants require the Debtor to pay wages in order to have his passport returned.

20. *In re DeSouza*, 493 B.R. 669, 673, 2013 Bankr. LEXIS 2471, *9-10, Bankr. L. Rep. (CCH) P82,497, 69 Collier Bankr. Cas. 2d (MB) 1706 (B.A.P. 1st Cir. 2013) states that property of the Estate includes (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

21. The Section 362(b)(2) exception "strikes a balance between the goals of protecting the bankruptcy estate from premature disbursement and protecting the spouse and children of the debtor." Carver v. Carver, 954 F.2d 1573, 1577 (11th Cir. 1992).  This exception is "very narrow" and "has little or no practical effect in Chapter 13 situations" because, given post-petition wages constitute property of the estate, little property exists from which a creditor can seek collection of arrearages while the stay is in effect.  In re Diaz, 452 B.R. 257, 284, 2009 Bankr. LEXIS 3399, *63-64, 23 Fla. L. Weekly Fed. B 77 (Bankr. M.D. Fla. 2009)

22. In *In re Diaz*, the court found that a letter threatening the Debtor with the revocation of his passport constituted a violation of the stay.  In the matter before the court the passport has already been revoked.

23. Case law on this exact subject is limited.  The Debtor believes the court can look to the similar issue of university transcripts for guidance.  Both a passport and a transcript have no intrinsic economic value to a university or to the Defendants. Unlike traditional secured property, the transcript and passport cannot be liquidated to reduce the outstanding debt. Its only value to the university or Defendants is derived from its value to the Debtor. *In re Mu'min*, 374 B.R. 149, 160, 2007 Bankr. LEXIS 3214, *27-28, Bankr. L. Rep. (CCH) P81,036, 58 Collier Bankr. Cas. 2d (MB) 792 (Bankr. E.D. Pa. 2007).

24. Similarities are also found in the non-dischargeability of each of the debts.  Really the only differences lie in the treatment of the debt in the Chapter 13 Plan.  Domestic Support Obligations are entitled to priority status and must be paid in full under a Chapter 13 plan. 11 U.S.C.S. §§ 507(a)(1), 1322(a)(2).

25. The Defendants have no reasonable explanation for withholding the passport other than for the sole purpose of collecting child support outside the plan.

**Violation of 11 U.S.C. 11 USC § 525(a) Protection Against Discriminatory Treatment**

26. 11 U.S.C. §525(a) is designed to protect the Debtor from the actions the Defendants have taken.  It states in part a government unit may not deny, revoke, suspend, or refuse to renew a license, . . . . or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, . . . . a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act

27. One of the primary purposes of the Bankruptcy Act is to give Debtors a fresh start.  By allowing the Defendants to hold the Debtor's passport hostage they are not allowing the Debtor his fresh start.

28. There is little doubt that a passport qualifies as "a license or similar grant to".  The issue of a license being revoked based on a prefilling debt is not a unique situation.

29. It is important to understand the judicial history of §525.   Pre-BAPCPA <u>Perez v. Campbell</u>, 402 U.S. 637, 638, 91 S. Ct. 1704, 1705, 29 L. Ed. 2d 233, 236, 1971 U.S. LEXIS 127, *1 (U.S. 1971) was the definitive case regarding this issue.  The Supreme Court found a state statute that protects judgment creditors from 'financially irresponsible persons' is in conflict with a federal statute that gives discharged debtors a new start 'unhampered by the pressure and discouragement of preexisting debt found  'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.

30. In 1988 the District of Colorado followed the Perez rulling in *In re Harris*, 85 B.R. 858, 862, 1988 Bankr. LEXIS 646, *14-15, 17 Bankr. Ct. Dec. 655, 5 Bankr. Ct. Rep. 127 (Bankr. D. Colo. 1988) where Judge Brooks found that a real estate agent could not have his license revoked in order to have a debt repayed.

31. After the 2005 revision of the Bankruptcy code the legislature has codified the result in *Perez* when it enacted what is now Section 525(a) of the Bankruptcy Code, prohibiting governmental units from discriminating against debtors who have filed bankruptcy *Md. Port Admin. v. Premier Auto. Servs.* (In re Premier Auto. Servs.), 343 B.R. 501, 516, 2006 Bankr. LEXIS 1083, *25 (Bankr. D. Md. 2006).

32. 11 U.S.C §525 now stands as a protection provided to every debtor from any government entity that seeks to collect on pre filing debts.  The refusal by the Defendant's to issue the Debtor a passport serves no other reason but to collect on the child support already provided for in the Debtor's plan.

WHEREFORE, Debtor requests this Court to issue an order directing the Defendants to allow the Debtor to receive his passport.  In addition to the passport the Debtor Requests that the Defendants reimburse all attorney fees and costs .

Dated this 21st day of April, 2017

BERUMEN LAW FRIM, P.C.
s/Mark J. Berumen
Mark J. Berumen, Atty. Reg. No. 29628
BERUMEN LAW FIRM, P.C.
1873 S. Bellaire St. Suite 1010
Denver, CO 80222
Phone Number:   (303) 751-2128
FAX Number:     (303) 845-5358
E-mail:  markberumen@berumenlaw.com